UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 09-00164-07<br>CIVIL ACTION NO. 11-2242 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JOHNNY RAY HARPER | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 301) filed by the Petitioner, Johnny Ray Harper ("Harper"). Harper seeks to have his sentence corrected on the grounds of ineffective assistance of counsel during his guilty plea and sentencing. See id. Harper contends that ineffective assistance of counsel resulted in an excessive sentence. For the reasons discussed herein, Harper's motion is **DENIED**.

## BACKGROUND

On July 23, 2009, a federal grand jury returned a 16-count indictment against Harper and nine others. (Record Document 1). Harper was named in Count One and Count Sixteen of the indictment. Count One charged that defendants knowingly and intentionally conspired and agreed together to possess with the intent to distribute 50 grams and more of a mixture and substance containing a detectable amount of cocaine base, or crack, a Schedule II controlled substance, all in violation of 21 U.S.C. §§ 841(a)(1) and 846. See id. Count Sixteen charged Harper, and one other co-defendant, with knowingly and intentionally possessing with the intent to distribute 50 grams and more of a mixture and substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II controlled substance, and did aid and abet each other in the possession, in

violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  See id.

Harper was originally represented by Charles Kincade of the Federal Public Defender's Office.  (Record Document 70).  On August 13, 2009, John Bokenfohr filed a motion to enroll as Harper's counsel.  The motion was granted on August 18, 2009.  The appointment of Charles Kincade was subsequently terminated. (Record Document 99). On September 24, 2009, the government filed a notice pursuant to 21 U.S.C. § 851 alleging Harper had a prior felony narcotics conviction, and was subject to an enhanced sentence. (Record Document 143).  On October 19, 2009, Harper plead guilty to Count One of the Indictment. (Record Document 157).

The written factual basis submitted at the time of Harper's guilty plea provided:

> Beginning in January, 2009, and continuing through May, 2009, Title III wiretaps were obtained by this Court's orders on telephones used by co-defendant Derwin Lewis, based on an investigation by the Drug Enforcement Administration (DEA).  Defendant Harper was intercepted on many calls during this period in which he ordered quantities of crack cocaine from Lewis to sell. Lewis has cooperated with the DEA in this investigation, and confirms that he sold 4 ounces (112 grams) of crack cocaine to Harper on 3 occasions (a total of 336 grams of crack cocaine) between October, 2008, and February, 2009. If called to testify at trial, Lewis would confirm these amounts.
> Law enforcement surveillance observed Harper meeting Lewis on two of these dates and times as they were intercepted on the wiretaps.
> On February 19, 2009, Harper called Lewis and arranged to buy a large quantity of crack.  Police surveillance saw them meet in Lincoln Parish on that date, and observed an exchange take place between them.  Harper was driving his vehicle, with co-defendant James Coleman with him as passenger.
> Police attempted to stop Harper once he entered Bienville Parish. During the chase, Coleman jumped out of Harper's car, and was observed to drop a bag. It was recovered, and in it was 114.1 net grams of cocaine base, or crack. (Lewis confirms he sold this quantity of crack to Harper on that date.)
> Harper was eventually caught and arrested. In his car was an empty bag which tested positive for cocaine residue.

(Record Document 158-2). Harper signed the written factual basis on October 18, 2009. See id. With his signature, he agreed that "All facts above are stipulated to as true and sufficient to support a charge in violation of Title 21, United States Code, Section 846, Conspiracy to Possess with the Intent to Distribute over 50 grams of cocaine base, or crack." Id.

On July 11, 2010, Harper was sentenced to 240 months imprisonment and ten years supervised release upon his release from prison. (Record Document 229). On August 17, 2010, Bokenfohr filed a motion to withdraw as Harper's attorney. The motion was granted and the Federal Public Defender was appointed to represent Harper on appeal. (Record Documents 247, 250). Harper filed a Notice of Appeal on August 20, 2010. (Record Document 254).

On July 11, 2011, the United States Court of Appeals for the Fifth Circuit affirmed Harper's conviction for conspiracy to distribute 50 grams or more of cocaine base. (Record Document 296). The Per Curiam opinion stated:

> Harper argues that his sentence should be vacated because the Fair Sentencing Act of 2010 applies retroactively to persons on direct appeal; however, he correctly concedes that the argument is foreclosed by our decision in United States v. Doggins, F.3d 379, 384 (5th Cir. 2011).
> Accordingly, the defendants' sentences are AFFIRMED.

Id.

On September 9, 2011, Harper filed the instant Section 2255 motion. (Record Document 301). He raises the following issues in his motion:

a. Attorney was ineffective during plea negotiations;
b. Attorney was ineffective during guilty plea proceedings;
c. Attorney was ineffective at sentencing;
d. Attorney operated under a conflict of interest; and
e. Appellate counsel was ineffective.

## LAW AND ANALYSIS

After conviction and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), quoting United States v. Frady, 456 U.S. 152, 164, 102 S.Ct 1584, 1592 (1982). "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post conviction collateral attacks. To the contrary, a final judgement commands respect." Frady, 456 U.S. at 164-65, 102 S.Ct. at 1593. Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. See Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a defendant has issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. In order to raise an issue for the first time on collateral review, a defendant must show both "cause" for his procedural default and "actual prejudice" resulting from the error. Frady, 456 at 168; United States v. Segler, 37 F.3d 1131, 1133 (5th Cir. 1994). To establish "cause," defendant must show some external impediment prevented him from raising the claim on direct appeal. See United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test, he

must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233. A narrow exception to the cause and actual prejudice requirement exist in extraordinary cases "in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 232. The Supreme Court has emphasized that this exception is limited to only those cases involving "manifest miscarriages of injustice" that would result in the continued incarceration of an innocent person. See id., citing Smith v. Murray, 477 U.S. 527, 537, 106 S.Ct. 2661 2667 (1986). The Supreme Court in Kuhlmann v. Wilson requires:

> We conclude that the ends of justice require federal courts to entertain such petitions only where a petitioner supplements his constitutional claim with a colorable showing of factual innocence.

Kuhlmann v. Wilson, 477 U.S. 436, 454, 106 S.Ct. 2616, 2627 (1986) (internal quotations omitted).

**1. Ineffective Assistance of Counsel.**

The general rule prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 1693 (2003). This "procedural-default rule is neither a statutory nor constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. at 503. Requiring a criminal defendant to bring claims of ineffective assistance of counsel on a direct appeal does not promote these objectives. Id. A claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the

merits of these allegations. See United States v. Alanis, 88 Fed. Appx 15, 19 (5th Cir. 2004). Thus, a criminal defendant is permitted to bring ineffective assistance of counsel claims in a collateral proceeding under § 2255, regardless of whether such claims could have been raised on direct appeal. See id.

To prevail on claims of ineffective assistance of counsel, Harper must prove (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984); Bryant v. Scott, 28 F.2d 1411, 1414-15 (5th Cir. 1994). Under the first prong of the Strickland analysis, Harper must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id. at 690, 104 S.Ct. at 2066.

Under the second prong of the Strickland test, Harper must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability to undermine confidence in the outcome." Strickland, 466 U.S. at 690, 104 S.Ct. at 2066. Harper must demonstrate that the attorney's actions "were so serious as to render the proceeding unreliable and fundamentally unfair." United States v. Saenz-Forero, 27 F.3d 1016, 1021 (5th Cir. 1994), citing Lockhart v. Fretwell, 506

U.S. 364, 372, 113 S.Ct. 838, 844 (1993). If Harper fails to establish either prong of the Strickland test, his claim of ineffective assistance of counsel must be denied. See Tucker v. Johnson, 115 F.3d 276, 280 (5th Cir. 1997); Bryant, 28 F.3d at 1415; Williams v. Collins, 16 F.3d 626, 631 (5th Cir. 1994).

### a. Ineffective Counsel During Guilty Plea Negotiation.

Harper argues that his attorney was ineffective during guilty plea negotiations and forced him to take a substandard plea agreement. Specifically, Harper states that his counsel advised the U.S. Attorney that Harper did not want to plead guilty to the initial plea, when in fact Harper did wish to plead guilty. (Record Document 301). Harper supplements the record with two affidavits - one from himself and another from Stefanie Shehee - that declare Attorney Bokenfohr claimed to have a plea deal in place even before he officially became Harper's counsel. (Record Documents 373-4 and 373-2).

"To establish Strickland prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." Lafler v. Cooper, --- U.S. ---, 132 S. Ct. 1376, 1384 (2012). The only error Harper assigned to his attorney during the negotiation of his plea agreement was that he did not attend post-indictment interrogations which Harper feels caused him to not receive the same type of plea offer his co-defendants received. The government states in their brief that the presence of an attorney would not have changed anything with the plea agreement that was offered, and ultimately accepted by Harper. (Record Document 361-1). Harper also claims that he would have gone to trial had his attorney not recommended that he accept the plea

agreement. At his Change of Plea Hearing, Harper stated that his attorney had gone over everything with him, line by line, and he understood the charges against him. Harper also stated that his attorney told him that in his opinion if the case had gone to trial, the government would have been able to prove him guilty of all the elements of his crime beyond a reasonable doubt. (Record Document 266).

      **b.**    **Attorney was Ineffective During Guilty Plea Proceedings.**

Harper argues that his attorney was ineffective for not disputing the drug quantities alleged in the factual basis. During his Change of Plea Hearing, Harper was asked if he believed the amounts of 336 and 114 grams of cocaine base were correct and he stated they were correct. (Record Document 266). Sworn statements in "open court during a plea hearing 'carry a strong presumption of verity.'" United States v. Martinez-Molina, 64 F.3d 719, 733 (5th Cir. 1995). Additionally, Harper argues that his attorney was ineffective for not providing evidence to refute the statements he made while under oath.

Harper also contends that the district court participated in the plea negotiations. The petitioner has provided no evidence to support this allegation, and there is nothing in the record that supports such an allegation. The written factual basis was signed only by the defendant, his attorney, and the government. (Record Document 158-2). This Court was only involved to the extent that it accepted the factual basis as required by Federal Rule of Criminal Procedure 11.

      **c.**    **Attorney was Ineffective at Sentencing.**

Harper contends that his attorney was ineffective at his sentencing. In order to show that an attorney's performance at sentencing was prejudicial under Strickland, Petitioner must show that his counsel's error lead to an increase in his prison term. "In the vast

majority of cases . . . the determinative question-whether there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'-remains unchanged." Glover v. United States, 531 U.S. 198, 203, 121 S.Ct. 696, 700, (2001).

Harper also argues that he was sentenced for an amount of crack cocaine that was not alleged in the indictment. Petitioner plead guilty to conspiracy to posses with intent to distribute over 50 grams of cocaine base or crack cocaine. Defendant was sentenced on the basis of 336 grams of cocaine base. Harper signed a factual basis which listed 336 grams of crack cocaine and also mentioned another incident involving 114 grams. The Court asked if Harper had any objections to these facts and he replied, "No, sir." (Record Document 266).

Petitioner also cites Apprendi violations that his attorney failed to object to during sentencing. Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000). "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. "Counsel is not required by the Sixth Amendment to file meritless motions." United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995). Harper's sentence was not outside the statutory maximum for a conspiracy charge, which is life in prison. Therefore, Apprendi objections were correctly not raised by his attorney.

Harper argues that his attorney was ineffective for failing to challenge the state conviction that was used to enhance his sentence under 21 U.S.C. § 851. On November 13, 1995, Harper plead guilty to possession of cocaine in Sabine Parish. On August 22, 1996, Harper was sentenced to five years imprisonment. (Presentence Investigation

Report 9-10). Petitioner argues he was only involved in the possession of a sawed off shotgun even though he did plead guilty to cocaine possession. The Presentence Report does mention a sawed off shotgun at the time of the arrest, but Harper plead guilty to cocaine possession and has offered nothing to show that his prior conviction in Sabine Parish was not valid.

Petitioner argues his sentence should have been reduced based on amendments to the crack cocaine guidelines and his attorney was ineffective for not delaying sentencing until the new guidelines were put into effect. Harper was sentenced to a statutory mandatory minimum of 240 months, and was not entitled to the amendments. 21 U.S.C. § 841(b)(1)(A)(viii). The Court has previously denied Harper's request to reduce his sentence according to the amendments of the crack cocaine guidelines. (Record Document 310). Harper's attorney was not ineffective for failing to raise any of these issues.

Harper has also raised the issue of his health and his co-defendant's sentences as reasons the Court should grant his Section 2255 motion. Harper's medical condition does not qualify as a ground for granting a Section 2255 motion. With regards to the claim that his co-defendants did not receive an enhanced sentence, he supplies the Court with an affidavit from Julius Walker saying he had a prior felony conviction and did not receive an enhanced sentence. Walker fails to state what his prior conviction was for in his affidavit. Harper received an enhanced sentence based on a prior narcotics conviction and has shown nothing to support his assertion that his co-defendants had similar prior convictions.

### d. Attorney Operated Under a Conflict of Interest.

Harper alleges that his attorney was operating under a conflict of interest by representing Evelyn Reed and Harper at the same time. Harper also alleges a relationship

between his attorney and an assistant district attorney, and that Harper's attorney encouraged him to become an informant. There is no mention of Evelyn Reed anywhere in the record. There is also no involvement of the district attorney's office anywhere in the record. "The mere fact of joint representation will certainly not show an actual conflict: Requiring or permitting a single attorney to represent codefendants, often referred to as joint representation, is not per se violative of constitutional guarantees of effective assistance of counsel." United States v. Medel, 592 F.2d 1305, 1310 (5th Cir. 1979) (internal citation and quotations omitted). "A conflict will not be inferred from the mere fact of joint representation. Nor can a conflict be established through hypothesis or speculation." Id. (internal citation and quotations omitted). These alleged relationships appear to have had no effect on Harper's case, when asked if he was happy with the performance of his attorney at his Change of Plea Hearing Harper responded, "Yes, sir." (Record Document 266).

### e. Appellate Counsel was Ineffective.

Harper claims that his counsel on appeal was ineffective for failing to raise Apprendi violations, failing to challenge the § 851 sentence enhancement, and failing to raise the 2007 amendments to the crack cocaine guidelines. "The right of effective appellate counsel must pass the Strickland standards . . . (1) his appellate counsel's performance was so deficient as to fall below objectively reasonable conduct of appellate counsel and (2) his case was prejudiced as a result." Williams v. Collins, 16 F.3d 626, 635 (5th Cir. 1994). The claim of ineffective assistance of counsel failed to satisfy the prejudice prong of Strickland where the omitted claims on appeal were without merit. "This Court has followed Jones in holding that counsel is not ineffective merely because counsel fails to raise issues

requested by defendant. We have subsequently held that counsel is not ineffective for failing to raise every possible point on appeal." Sharp v. Puckett, 930 F.2d 450, 452 (5th Cir. 1991). Harper's counsel on appeal was not ineffective.

## CONCLUSION

The Court finds that Harper has failed to establish that he received ineffective assistance of counsel or that he was prejudiced by such performance. For the reasons set forth above, Harper's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Record Document 301) shall be **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana this 12th day of September, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE